IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ADRIAN MONROE GILBREATH, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) CASE NO. CV00-AR-0026-S |
| | ) |
| WARDEN RALPH HOOKS, | ) |
| | ) |
| Defendant | ) |

**MEMORANDUM OF OPINION**

The magistrate judge filed a report and recommendation on November 2, 2000, recommending that the defendant's motion for summary judgment [Doc. #10] be granted and this cause be dismissed with prejudice. Plaintiff filed objections on November 15, 2000, [Doc. #19] and on November 29, 2000, filed a document entitled "Addendum" [Doc. #19], which the court will consider to be additional objections to the report and recommendation.

In his original complaint, plaintiff claimed that the defendant was responsible for creating a dangerous situation by allowing inmates to keep hobby craft knives in their possession. In responding to the report and recommendation of the magistrate judge, plaintiff now claims that the "bottom line issue of this case" is that "he let it be known to the defendant that he felt as his well being was in danger and at harm or threatened before this case ever occured [sic]." Plaintiff goes on to say that he and Evans had several fights in 1998, but in September 1998, they signed a peace treaty. Plaintiff does not say that he told defendant Hooks, after signing the

peace agreement, that he was again in danger and wanted to be placed in protective custody. Plaintiff does not support, with any facts, his bare claim that Warden Hooks knew that he was in danger. By plaintiff's own statement, he and Evans signed a peace agreement indicating that they could live peaceably in the same area.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections filed by the plaintiff, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and his recommendation is ACCEPTED. The Court EXPRESSLY FINDS that there are no genuine issues of material fact and that the defendant is entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment [Doc. #10] is due be GRANTED and this action is due to be DISMISSED WITH PREJUDICE. A Final Judgment will be entered.

DONE this the 25 day of January, 2001.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE